## Harz v. Stauffer

*Edwin Krawitz*, for plaintiff.
*Mark S. Love*, for defendant.

THOMSON, *J.*, July 23, 1982—Plaintiff has commenced an action in equity seeking to impose an equitable trust on various property "accumulated through plaintiff's and defendant's joint efforts". Preliminary objections have been filed, for failure of

the complaint to state a cause of action, and to strike scandalous and impertinent matter.

## I. DEMURRER

Plaintiff's complaint alleges that she moved into defendant's dwelling house in Kunkletown, Monroe County, and commenced a state of unmarried cohabitation with defendant. The complaint further alleges that defendant agreed to support and care for plaintiff for the remainder of her natural life, and to give plaintiff and her children a place to live in perpetuo, in consideration for which plaintiff was to terminate her own business and actively devote her energies to the operation of defendant's septic tank business, and to "maintaining a home for him". As the greatest of all 20th century American conservative philosophers, Little Orphan Annie, might exclaim: "Glorioski, Sandy!" "Palimony in Monroe County!"

Defendant has alleged that plaintiff is seeking herein to achieve an equitable division of property in a form reserved exclusively to married persons under the Divorce Reform Code of 1980, 23 P.S. §401(d). Plaintiff counter argues that her action is based not on the Divorce Reform Code, but on traditional equitable principals. We feel, as defendant has argued, that this type of argument begs the question, which is whether such persons as plaintiff, being unmarried, may resort to the courts in the same manner as married individuals.

Plaintiff has cited a number of cases from other jurisdictions, including the now world renowned California case of Marvin v. Marvin, 557 P. 2nd 106 (1976). Defendant, on the other hand, has cited the Illinois case of Hewitt v. Hewitt, 77 Illinois 2949, (394) N.E. 2nd 1204 (1979), in support of his con-

tentions. In Hewitt, the Illinois Supreme Court found that the granting of a legal recognition to a status of the type under scrutiny therein (as it is here), was better suited to the legislative branch of government. As an advocate of judicial restraint, especially in matters effecting the sanctity of the home and family, we concur.

Plaintiff would distinguish the reasoning of Hewitt from the within case on the basis that at the time the Hewitt decision was rendered, fornication was against the law in Illinois, whereas it has not been a crime in Pennsylvania since 1972. While it is true that fornication is not a crime in Pennsylvania, prostitution is. 18 C.P.S.A. §5902(a). Unmarried people are now free to cohabit together and have sexual relations without the fear of criminal prosecution. However, once money or other things of value are exchanged for these "services", a crime has been committed.

Plaintiff may argue that she seeks recovery only for the non-meritricious services she provided for defendant, i.e. cooking, cleaning, laundry, etc. (See paragraph 8 of plaintiff's complaint). However, in paragraphs 3 and 5 of the complaint, references made to "living together in a state of unmarried cohabitation", in return for which defendant would support plaintiff. This, of necessity, entails all services, sexual or non-sexual, ordinarily bound up in the marriage relation. There is not authority in Pennsylvania for monetary recovery but such services are for the relief plaintiff has prayed for, and we will not create such herein. Hence, to that extent, we will sustain defendant's preliminary objections.

However, we feel quite another story is involved in plaintiff's prayer for relief based on her contribu-

tions to defendant's business, as alleged in paragraph 9 of the complaint. Her contention is that she was in essence a partner-in-fact, and as such is entitled to an accounting for property accumulated by his as a result of her efforts in connection with his business. This right has been frequently recognized by our courts, regardless of the inter-relationship of the parties. See PLE, Partnerships, §§235, 236, 237 and cases cited therein. We do not know if plaintiff can prove these allegations or not. We feel, however, that she certainly deserves an opportunity to be heard on them, and as to these allegations, we will dismiss defendant's preliminary objections.

## II. SCANDALOUS AND IMPERTINENT MATTER

As we have already ruled, much of plaintiff's complaint is demurrable, and will be stricken on that basis. We need not undertake a lengthy discussion on the issue of scandalous and impertinent matter. However, clearly a paragraph such as paragraph 11 of the complaint, could have no relevance under any of plaintiff's theories of recovery, and should be stricken on this basis.

We issue the following herewith

## ORDER

And now, this July 23, 1982, defendant's preliminary objections in the nature of a demurrer are sustained in part and overruled in part as hereinbefore provided. As to paragraph 11 of plaintiff's complaint, defendant's preliminary objection in the nature of a motion to strike off scandalous and impertinent matter is sustained. Plaintiff is given 20 days from date to file an amended complaint consistent with this opinion.